UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 3:20-CV-30003-MGM

MICHAEL A. MONDELLI,

                Plaintiff,

v.

EDWARD WIERZBOWSKI,

                Defendant.

**PLAINTIFF MICHAEL A. MONDELLI'S MEMORANDUM
IN SUPPORT OF HIS MOTION TO AMEND COMPLAINT**

A. Introduction

Plaintiff Michael A. Mondelli submits this memorandum in support of his motion, filed pursuant to FRCP Rule 15(a)(2), to allow him to amend his complaint by adding a Count against the defendant, Michael Wierzbowski.

This is a premises liability case involving serious personal injury suffered by a guest at an AirBnb rental property on November 30, 2019. The rental was for a period of several days. The incident occurred when plaintiff slipped and fell while exiting an indoor whirlpool tub on defendant's premises. Plaintiff alleges that the premises were not reasonably safe in that, *inter alia*: 1) the bathroom floor was unreasonably slippery in violation of accepted coefficient of friction standards; 2) the tub area lacked a reasonably accessible grab bar; and 3) the width of the egress-side of the tub, in conjunction with an adjacent fixture, rendered that side of the tub unreasonably wide, forcing persons exiting the tub to stretch awkwardly to effectuate the exit. As

a result of these factors, the twenty-four year old plaintiff alleged that he slipped as he exited the tub, fell backwards, fractured his spine, and was seriously and permanently injured.

Plaintiff originally brought this action against defendant on a theory of negligence. In the Complaint (a copy of which is attached as Exhibit 1), it was alleged, *inter alia*, that:

> 11. At all times relevant to the Complaint, the subject house on the premises was unreasonably dangerous in that the aforementioned tub lacked a reasonably safe means of egress, and was unreasonably dangerous to exit, based on certain features that included but were not limited to: a) the installation of a fixed wooden crosspiece partially obstructing access to the grab bar intended to facilitate egress from the tub, thereby making use of the grab bar for egress unreasonably awkward and dangerous; b) the presence of a wide, fixed, built-in bench immediately adjacent to the tub, which required a person stepping from the tub to step awkwardly onto the adjacent floor; and, c) the presence of polished wooden flooring immediately adjacent to the aforementioned bench, which wooden surface was particularly slippery when wet.
>
> 21. At all times relevant to the Complaint, as owner and the person in control of the premises, defendant had a duty to maintain same in a reasonably safe condition and to warn visitors/invitees including plaintiff of any unreasonable dangers of which he was aware or reasonably should have been aware.
>
> and
>
> 22. Defendant was negligent in that he:
>
> a) failed to maintain the subject house in a reasonably safe condition, as aforesaid;
>
> b) knew or should have known that the tub and surrounding floor area rendered the subject house unreasonably dangerous due to the conditions as described above in Paragraph 11, and nevertheless rented the subject house to a third party, for use by the third party and his invitees including plaintiff; and,
>
> c) failed to warn said third party or his invitees including plaintiff that it was unreasonably dangerous to use the tub given the conditions as described above in Paragraph 11.

Plaintiff is now moving to add a Count II against defendant, essentially on the same facts alleged in the original Complaint, which additional Count alleges that defendant was also in breach of the implied warranty of habitability. The proposed Amended Complaint is attached as Exhibit 2. This is plaintiff's first motion to amend the Complaint.

B.  Status of the case

As of the writing of this memorandum, the parties have exchanged answers to Interrogatories and responses to Rule 34 requests for documents. No depositions have yet been taken, and the first deposition, scheduled by plaintiff of defendant Edward Wierzbowski, is to be held on January 27, 2021. Defendant has not as of this writing scheduled any depositions.

C.  The legal standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Supreme Court has held, in *Foman v. Davis*, 371 U.S. 178 (1962):

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Plaintiff submits, as set forth below, that the legal standard has been met.

D.  Argument

Plaintiff's proposed amendment is, in essence, fitting the facts as alleged previously in the Complaint into a second legal theory, i.e. adding breach of implied warranty of habitability to the existing claim of negligence.

The proposed Amended Complaint recounts that, implied in the renting of every

residential property is an implied warranty of habitability, warranting that the rented premises are fit for human occupation for the renter and his/her guests, and will remain so during the term of the rental agreement. Para. 25, Exhibit 2. Further, it is alleged in the proposed Amended Complaint that defendant owed the person to whom he rented the subject property, and her guests including plaintiff, an implied warranty of habitability in regard to the premises. Para. 26, Exhibit 2.

The proposed Amended Complaint then describes the factual basis for the claim of breach of implied warranty of habitability in the case at bar:

> At the time of the commencement of the rental of the premises by defendant as described above, the premises, and specifically the bathroom where the subject incident occurred, was dangerous and defective, and not fit for the ordinary purposes for which it was designed to be used, including but not limited to the following: the bathroom floor surface adjacent to the tub was dangerously slippery in both a dry and wet state, with static and dynamic coefficient of friction below industry standards; the means of egress from the subject bathtub did not comply with the requirements of 780 CMR 10.00 (Massachusetts State Building Code - Means of Egress) and was not otherwise maintained in a safe and usable condition as required by 527 CMR 14.00 (Massachusetts Fire Code - Egress), 521 CMR (Massachusetts Accessibility Code) and 105 CMR (Massachusetts Sanitary Code), as well as other deficiencies in design and/or maintenance that rendered the bathroom dangerous and defective.

Para. 27, Exhibit 2

and

> The above deficiencies, individually and together, created a defective and unreasonably dangerous condition for persons seeking to achieve egress from the tub, including plaintiff, and rendered the premises in breach of the implied warranty of habitability.

Para. 28, Exhibit 2

Plaintiff's proposed additional theory of liability fits into established case law. The implied warranty of habitability is implied in every residential lease in the Commonwealth of Massachusetts. See *Boston Housing Authority v. Hemingway*, 363 Mass. 184, 199, 293 N.E. 2d 831 (1973), a copy of which case is attached as Exhibit 3. In fact, the concept of a warranty of

habitability was first adopted in the Commonwealth in the context of short-term residential rentals. See *Ingalls v. Hobbs*, 156 Mass. 348, 350, 31 N.E. 286 (1892)( landlord impliedly agreed to deliver a house fit for human habitation for a summer rental), a copy of which case is attached as Exhibit 4.

The concept of an implied warranty of habitability applicable to personal injuries sustained during a short-term rental has likewise long been established in Massachusetts. In the case of *Hacker v. Nitschke*, 310 Mass. 754, 757, 39 N.E.2d 644 (1942), the Supreme Judicial Court held that a landlord who had rented a cottage for one month, could be liable for breach of implied warranty of habitability, without negligence, where the tenant was injured by collapse of a defective bunk bed ladder. See Exhibit 5 for a copy of that case. Also see *Horton v. Marston,* 352 Mass. 322. 325-326, 225 N.E.2d 311 (1967) (tenant with nine-month lease could recover for personal injuries under breach of contract theory where defective oven exploded after tenant lit stovetop burner with match); see Exhibit 7 for copy of that case.[1]

Plaintiff respectfully submits, therefore, that plaintiff's proposed application of the implied warranty of habitability to a short-term Airbnb rental, in the context of a personal injury action, rests on established legal grounds.

Moreover, the allowance of plaintiff's motion will not result in any undue delay or prejudice to defendant. The facts alleged in regard to the breach of implied warranty theory are essentially the same as apply to the original negligence claim. Discovery is in its infancy, and no depositions have been taken and defendant has scheduled no depositions of this writing.

Plaintiff respectfully submits that he should be provided an opportunity to prove his

---

[1] The history of the evolution of the implied warranty of habitability, including its applicability to short-term rentals, was recently recounted by the Supreme Judicial Court in the case of *Goreham v. Martins*, 485 Mass. 54, 147 N.E.3d 478; a copy of that case is attached as Exhibit 6.

proposed additional theory of liability on the merits. There is a firm legal basis for the proposed additional legal theory and no prejudice to defendant would result by allowance of the motion. Additionally, there is no bad faith or dilatory motive on the part of plaintiff, or a history of repeated failure to cure deficiencies by amendments previously allowed. See *Foman*, supra.

### E.  Conclusion

For the foregoing reasons, this Court should grant Plaintiff Michael A. Mondelli's Motion to Amend Complaint.

Dated: January 12, 2021

>Respectfully submitted,
>
>Plaintiff,
>By his attorneys,
>
>/s/ Scott E. Charnas
>Scott E. Charnas, Esq., BBO No. 081240
>CHARNAS LAW FIRM, P.C.
>455 E. 51st Street
>New York, New York 10022
>Tel: 212-980-6800
>Fax: 212-980-1871
>Email: scharnas@charnaslawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that this document will be served on all counsel of record via the ECF electronic system.

Dated: January 12, 2021

>/s/ Scott E. Charnas
>Scott E. Charnas, Esq.