UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 3:20-CV-30003- KAR

| | |
|---|---|
| MICHAEL A. MONDELLI,<br>                    Plaintiff,<br><br>v.<br><br>EDWARD WIERZBOWSKI,<br>                    Defendant. | **AMENDED COMPLAINT**<br><br>**[MOTION TO AMEND COMPLAINT ALLOWED MAY 3, 2021]** |

Plaintiff Michael A. Mondelli ("Plaintiff"), by counsel, for his Amended Complaint, states as follows:

### Jurisdiction

1. The amount in controversy in regard to the claim that is the basis of this Complaint is in excess of $75,000.00, exclusive of interest and costs.

2. This action is brought pursuant to 28 U.S.C. 1332(a)(1), so-called diversity of citizenship jurisdiction.

### Venue

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §1391(b)(2), as that is where a substantial part of the events or omissions giving rise to the claim occurred.

### Nature of the Action

4. This is an action for money damages for personal injury suffered by plaintiff Michael A. Mondelli on defendant's real property. The means of egress from an indoor whirlpool bath tub on said property was unreasonably dangerous, causing plaintiff, an invitee to the property, to slip and fall on November 30, 2019 while exiting said tub. He suffered catastrophic injury as a result. Plaintiff alleges that defendant was negligent in maintaining an unreasonably dangerous condition on the property, renting out the property for use by

1

others when he knew or should have known that the property was unreasonably dangerous, and failing to warn in regard to the aforesaid unreasonably dangerous means of egress.

## The Parties

5. Plaintiff Michael A. Mondelli is an individual residing at 26 Glenmore Avenue, Brentwood, New York, and is a citizen of the State of New York.

6. Defendant Edward Wiezbowski ("defendant") is an individual residing at 59 Shearer Road, Colrain, Massachusetts, and is a citizen of the Commonwealth of Massachusetts.

## Facts Alleged

7. At all times relevant to the Complaint, defendant owned real property and improvements at 59 Shearer Road, Colrain, Massachusetts ("the premises"), which improvements included at least two single family houses.

8. At all times relevant to the Complaint, defendant resided on the premises.

9. At all times relevant to the Complaint, one of the aforementioned single family houses on the premises ("the subject house"), was made available by defendant for rental to short-term, transient guests through a third-party company known as "Airbnb".

10. Prior to November 30, 2019, defendant caused an indoor whirlpool bath tub to be designed and built within the subject house ("the tub").

11. At all times relevant to the Complaint, the subject house on the premises was unreasonably dangerous in that the aforementioned tub lacked a reasonably safe means of egress, and was unreasonably dangerous to exit, based on certain features that included but were not limited to: a) the installation of a fixed wooden crosspiece partially obstructing access to the grab bar intended to facilitate egress from the tub, thereby making use of the grab bar for egress unreasonably awkward and dangerous; b) the presence of a wide, fixed, built-in bench immediately adjacent to the tub, which required a person stepping from the tub to

2

step awkwardly onto the adjacent floor; and, c) the presence of polished wooden flooring immediately adjacent to the aforementioned bench, which wooden surface was particularly slippery when wet.

12. Prior to November 30, 2019, on information and belief and unknown to plaintiff on said date, a guest of defendant had slipped and fallen while exiting the tub.

13. Prior to November 30, 2019, defendant rented the subject house to a third party; and said third party invited plaintiff and a friend to stay at the subject house with him.

14. On November 30, 2019, after bathing in the tub, plaintiff sought to exit the tub.

15. Plaintiff was prevented from utilizing the only grab bar in the area to exit the tub, as it was partially obstructed as aforesaid.

16. Plaintiff attempted to exit the tub towards the center of the tub, where the immediately adjacent bench was somewhat narrower than the rest of the bench.

17. In the course of exiting the tub, plaintiff stepped over the wide bench and onto the polished wooden floor.

18. Plaintiff's foot slipped as he stepped onto the floor, causing him to fall backward against the wooden bench.

19. As a result of the slip and fall, plaintiff sustained catastrophic injuries.

## COUNT I (Negligence)

20. Plaintiff reaffirms and realleges Paragraphs 1 through 19 above as if specifically affirmed and alleged herein.

21. At all times relevant to the Complaint, as owner and the person in control of the premises, defendant had a duty to maintain same in a reasonably safe condition and to warn visitors/invitees including plaintiff of any unreasonable dangers of which he was aware or

reasonably should have been aware.

22. Defendant was negligent in that he:

    a) failed to maintain the subject house in a reasonably safe condition, as aforesaid;

    b) knew or should have known that the tub and surrounding floor area rendered the subject house unreasonably dangerous due to the conditions as described above in Paragraph 11, and nevertheless rented the subject house to a third party, for use by the third party and his invitees including plaintiff; and,

    c) failed to warn said third party or his invitees including plaintiff that it was unreasonably dangerous to use the tub given the conditions as described above in Paragraph 11.

23. As a direct and proximate result of said negligence by defendant, plaintiff was caused to suffer permanent, catastrophic injury, which injury has caused plaintiff to suffer and continue to suffer great pain of body and mind, incur and continue to incur medical expenses, and to suffer and continue to suffer economic loss.

**WHEREFORE, PLAINTIFF MICHAEL A. MONDELLI DEMANDS JUDGMENT IN THE AMOUNT OF FIFTEEN MILLION DOLLARS ($15,000,000.00) AGAINST DEFENDANT EDWARD WIERZBOWSKI, PLUS INTEREST AND COSTS**

### COUNT II (Breach of implied warranty of habitability)

24. Plaintiff reaffirms and realleges Paragraphs 1 through 23 above as if specifically affirmed and alleged herein.

25. Implied in the renting of every residential property is an implied warranty of habitability, warranting that the rented premises are fit for human occupation for the renter and his/her guests, and will remain so during the term of the rental agreement.

26. As a renter of the premises for residential use as aforesaid, defendant owed the person to whom he rented the property, and their guests including plaintiff, an implied warranty of

4

habitability in regard to the premises.

27. At the time of the commencement of the rental of the premises by defendant as described above, the premises, and specifically the bathroom where the subject incident occurred, was dangerous and defective, and not fit for the ordinary purposes for which it was designed to be used, including but not limited to the following: the bathroom floor surface adjacent to the tub was dangerously slippery in both a dry and wet state, with static and dynamic coefficient of friction below industry standards; the means of egress from the subject bathtub did not comply with the requirements of 780 CMR 10.00 (Massachusetts State Building Code - Means of Egress) and was not otherwise maintained in a safe and usable condition as required by 527 CMR 14.00 (Massachusetts Fire Code - Egress), 521 CMR (Massachusetts Accessibility Code) and 105 CMR (Massachusetts Sanitary Code), as well as other deficiencies in design and/or maintenance that rendered the bathroom dangerous and defective.

28. The above deficiencies, individually and together, created a defective and unreasonably dangerous condition for persons seeking to achieve egress from the tub, including plaintiff, and rendered the premises in breach of the implied warranty of habitability.

29. As a direct and proximate result of said breach of implied warranty of habitability by defendant, plaintiff was caused to suffer permanent, catastrophic injury, which injury has caused plaintiff to suffer and continue to suffer great pain of body and mind, incur and continue to incur medical expenses, and to suffer and continue to suffer economic loss.

**WHEREFORE, PLAINTIFF MICHAEL A. MONDELLI DEMANDS JUDGMENT IN THE AMOUNT OF FIFTEEN MILLION DOLLARS ($15,000,000.00) AGAINST DEFENDANT EDWARD WIERZBOWSKI, PLUS INTEREST AND COSTS**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: January 12, 2021

                                      Plaintiff,
                                      By his attorneys,

                                      _____/Scott E. Charnas/_____
Scott E. Charnas, MA BBO No. 081240
CHARNAS LAW FIRM, P.C.
455 East 51st Street
New York, NY 10022
Tel: 212-980-6800
Fax: 212-980-1871
Email: scharnas@charnaslawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document will be served on all counsel of record via the ECF electronic system.

Dated: May 6, 2021

                                      ____/Scott E. Charnas/_____
                                      Scott E. Charnas